UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

DALE LLOYD CHALLONER,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:18-078-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Dale Lloyd Challoner is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Challoner recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Challoner's petition.

In 2000, a federal jury in the United States District Court for the District of Colorado convicted Challoner of seven offenses stemming from a bank-robbery conspiracy, and the district court sentenced him to an aggregate term of 1,080 months of imprisonment. *See United States v. Challoner*, 65 F. App'x 222, 224-25 (10th Cir. 2003). Challoner's direct appeal was unsuccessful, *id.*; *Challoner v. United States*, 540 U.S. 922 (2003), as was his 28 U.S.C. § 2255 motion to vacate, *United States v. Challoner*, 2008 WL 4211103 (D. Colo. Sept. 10, 2008), *aff'd*, 583 F.3d 745 (10th Cir. 2009).

Challoner has now filed a § 2241 petition with this Court. Challoner claims that he is actually innocent of two of the crimes with which he was convicted; specifically, he argues that, "[i]n light of the *Sessions v. Dimaya*, [548 U.S. \_\_\_ (2018)], the residual clause of [18 U.S.C. §]

924(c)(3)(B) is unconstitutionally vague" and, therefore, two of his convictions "must be vacated." [R. 1 at 6-7].

Challoner's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions. While a federal prisoner may challenge the legality of his convictions in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Challoner cannot use a § 2241 petition as a way of challenging his underlying convictions.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). In this case, Challoner has not made such a showing. While Challoner relies exclusively on the United States Supreme Court's decision in *Dimaya*, that case involved a specific constitutional question, not an alleged change in statutory interpretation. Thus, the *Wooten* exception, which requires a petitioner to highlight "the existence of a new interpretation of *statutory* law," *Wooten*, 677 F.3d at 307 (emphasis added), is simply inapplicable. As a result, Challoner's § 2241 petition constitutes an impermissible collateral attack on his underlying convictions.

Accordingly, it is **ORDERED** as follows:

1. Challoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated July 19, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY